UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**BRADLY GREATHOUSE,**     **CASE NO.:**

    **Plaintiff,**

vs.

**SHADI IBRAHIM,
INDIVIDUALLY, D/B/A SAX
DELI & GRILL,**

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRADLY GREATHOUSE, by and through the undersigned attorney, sues the Defendant, SHADI IBRAHIM, Individually, d/b/a Sax Deli & Grill, and alleges:

1. Plaintiff was an employee of Defendant, and brings this action for unpaid overtime compensation, declaratory relief, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiff was employed by Defendant from October 2016 through December 2018.

3. While working for Defendant, Plaintiff was paid by the hour as an hourly paid worker in Defendant's restaurant.

4. Defendant, SHADI IBRAHIM, operates Sax Deli & Grill, a restaurant located in Hendersonville, Tennessee, which is open to the public.

5. At all times relevant to this action, SHADI IBRAHIM was an individual resident of the State of Tennessee, who owned and operated Sax Deli & Grill, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of Sax Deli & Grill. By virtue of having regularly exercised that authority on behalf of Sax Deli & Grill, SHADI IBRAHIM is an employer as defined by 29 U.S.C. § 201, et seq.

6. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

8. During Plaintiff's employment with Defendant, Defendant earned more

than $500,000.00 per year in gross sales.

9. During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

10. Included in such goods, materials and supplies were telephones, cash register equipment, restaurant equipment, food/drink, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

11. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA Violations

12. At all times relevant to this action, Defendant failed to comply with the FLSA by paying Plaintiff his regular hourly rate for all hours worked.

13. During his employment with Defendant, Plaintiff was paid by the hour.

14. If Plaintiff worked overtime hours, he was only paid his regular hourly rate for such overtime hours worked, <u>not</u> a full overtime rate.

15. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the

possession and custody of Defendant.

## **COUNT I - RECOVERY OF OVERTIME COMPENSATION**

16. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-15 above.

17. Plaintiff was entitled to be paid overtime compensation for his overtime hours worked.

18. During his employment with Defendant, Plaintiff was only paid his regular hourly rate, and not an overtime rate, for his overtime hours worked.

19. Defendant did not have a good faith basis for his decision to not pay complete overtime compensation to Plaintiff.

20. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff full overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

21. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

22. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, BRADLY GREATHOUSE, demands judgment against Defendant for the payment of all unpaid overtime compensation, liquidated

damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 10th day of July, 2019.

                                          **/s/ C. Ryan Morgan**
C. Ryan Morgan, Esq.
Florida Bar No. 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
E-mail: RMorgan@forthepeople.com
***Attorneys for Plaintiff***